# United States District Court

DISTRICT OF     DELAWARE

UNITED STATES OF AMERICA

**REDACTED**

v.

Criminal Complaint 06- 111 M

FERNANDO MERCADO

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>November 1, 2005,</u> in <u>New Castle</u> County, in the District of <u>Delaware</u> defendant, Fernando Mercado (Track Statutory Language of Offense)

did knowingly distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers

in violation of Title <u>21</u> United States Code, Section(s) <u>841(a)(1) and b(1)(B)</u>.

I further state that I am a(n) <u>Special Agent, DEA</u> and that this complaint is based on the following facts:
                          Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:    YES

FILED
SEP 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Signature of Complainant
David Hughes
Special Agent
Drug Enforcement Administration

AO 91 (Rev. 12/93) Criminal Complaint

Sworn to before me and subscribed in my presence,

September 20, 2006                                    at    Wilmington, DE
Date                                                  City and State

Honorable Mary Pat Thynge.
United States Magistrate Judge
Name & Title of Judicial Officer                      Signature of Judicial Officer

## AFFIDAVIT

DAVID B. HUGHES, being duly sworn, states as follows:

1. I am a Special Agent (S/A) with the Drug Enforcement Administration (DEA) and have been so employed for approximately five years and one half years. Prior to my employment with the DEA, I was employed as a Trooper with the Maryland State Police for approximately six years. During my law enforcement tenure, I have participated in numerous investigations into the unlawful distribution of narcotics in violation of federal and state laws. In the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, reviews of tape-recorded conversations involving drug trafficking activities, and analyses of telephone toll records and other records kept by or relating to drug traffickers. Through my training, education and experience, I have become familiar with methods in which illegal drugs are imported, manufactured and distributed; methods of payment for such drugs; and methods used by drug traffickers to avoid law enforcement detection, including methods used to disguise the source and illegal nature of drug proceeds. I have also testified as an expert witness in federal and/or state courts regarding the distribution, transportation and concealment of illegal drugs.

2. This Affidavit is in support of a criminal complaint against and arrest warrant for Fernando MERCADO, d/o/b         1974. I am the case agent responsible for the investigation in aid of which this application is being made. This Affidavit is based on my personal knowledge and observations as well as information provided to me by other law enforcement officers. Because this Affidavit is solely for the purpose of establishing probable cause, not all facts relating to the investigation are included herein.

3. On or about November 1, 2005, a DEA Confidential Source (hereinafter referred to as the "CS") under the direction and control of agents/officers, initiated a series of consensually monitored tape-recorded telephone calls to MERCADO regarding the delivery of four ounces of methamphetamine. During the telephone calls, the CS and MERCADO made arrangements to meet in Newark, Delaware regarding the delivery of the methamphetamine. Pursuant to the telephone calls, members of the DEA Wilmington, Delaware Resident Office, the DEA Philadelphia Field Division Group Two, the Newark Police Department Special Investigations Unit, and the Chester County District Attorney's Office established surveillance in and around the area of the meet location in Newark, Delaware awaiting MERCADO'S arrival. Shortly thereafter, agents/officers observed MERCADO meet with the CS. During the meeting, MERCADO "fronted" (gave on consignment) four ounces of methamphetamine to the CS expecting a future payment of $5,200.00. The CS and CS's vehicle were searched for contraband (money and/or drugs) prior to and after the delivery of the four ounces of methamphetamine with negative results. The CS was equipped with an electronic monitoring and recording device during the transaction allowing agents/officers to contemporaneously monitor the transaction between the CS and MERCADO. Agents/Officers also initiated a digital video recording of the transaction between the CS and MERCADO. The four ounces of methamphetamine field-tested positive and was later analyzed by the DEA Northeastern Regional Laboratory and determined to be 111.4 net grams of methamphetamine.

       4. On September 18, 2006, agents/officers officers of the Wilmington, Delaware Resident Office executed the arrest of MERCADO at the intersection of Route 926 and East Doe Run in West Marlboro Township, Pennsylvania. Immediately thereafter, MERCADO was verbally advised of his rights pursuant to *Miranda v. Arizona* but was not questioned at the time.

       5. Upon arrival to the DEA Wilmington Resident Office on September 19, 2006, MERCADO was again advised of his *Miranda* Rights and signed a written waiver of those rights. Post *Miranda*, MERCADO admitted to distributing pound quantities of methamphetamine on a regular basis.

       6. Based on the foregoing facts and my training, knowledge and experience, your Affiant submits that there is probable cause to believe that MERCADO has committed a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), distribution of fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, and therefore respectfully requests that the Court issue a criminal complaint and arrest warrant for MERCADO.

                                                                      Special Agent David B. Hughes

Sworn to and subscribed before
me this 27 day of September 2006.

The Honorable Mary Pat Thynge
United States Magistrate Judge for the District of Delaware

2